# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20065

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

WILLIAM DAVID GOLDEN,

Plaintiff–Appellant,

versus

JUDY FOX, Official Court Reporter,
  176th Judicial District Court of Harris County, Texas,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1942

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Golden, Texas prisoner # 673185, moves to proceed *in forma*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") on appeal of the dismissal of his 42 U.S.C. § 1983 complaint. Golden primarily alleges that the court reporter in his criminal trial altered the transcript by intentionally omitting certain material exculpatory statements made by the assistant district attorney in closing argument.

The district court dismissed Golden's claims under 28 U.S.C. § 1915(e)-(2)(B), reasoning that they were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because the claims challenged or implied the validity of the conviction. The court also held that Golden's claims against certain judges were barred by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–58 (1978). For the same reasons, the court denied Golden's motion to appeal IFP and certified that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). By moving for leave to proceed IFP, Golden is challenging the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Golden asserts that the district court erred by failing to give written reasons beyond those in the magistrate judge's report and recommendation, which the court adopted. That assertion is unavailing, because the certification expressly incorporated by reference the reasoning of the report and recommendation. *See Baugh*, 117 F.3d at 202 & n.21.

If we construe his brief liberally, we glean that Golden contends that his § 1983 claims are proper under *Skinner v. Switzer*, 562 U.S. 521 (2011). There, the Court held that a judgment in favor of the plaintiff in his § 1983 suit for an order requiring DNA testing "would not 'necessarily imply' the invalidity of his conviction" because the results might prove exculpatory, inconclusive, or might further incriminate him. *Id.* at 533–34. But in citing *Skinner*, Golden does not then say that the relief he seeks in his § 1983 action would not imply the

invalidity of the conviction.  Indeed, Golden's complaint even states that his § 1983 suit seeks, among other things, to recover the audio tape of the trial "as evidence to vacate the wrongful conviction and sentence."  Moreover, because Golden seeks to uncover exculpatory statements allegedly made by the assistant district attorney, the claims are comparable to those relying on *Brady v. Maryland*, 373 U.S. 83 (1963).  *Skinner*, 562 U.S. at 536, held that *Brady* claims "ranked within the traditional core of habeas corpus and outside the province of § 1983," so Golden's reliance on *Skinner* is misplaced.

Golden's remaining assertions do not present any challenge to the grounds of the certification.  Although *pro se* briefs are liberally construed, even *pro se* litigants must brief arguments to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Golden has not shown that the certification was incorrect, so the motion for leave to proceed IFP is DENIED.  *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).  The appeal is without arguable merit and is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219–20; 5TH CIR. R. 42.2.

We caution Golden that dismissal of his § 1983 suit by the district court pursuant to § 1915(e) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996).  Golden is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).